## No. C-806

**National Convenience Stores, Inc., a Texas Corporation, d/b/a Shop N Go Market v. The City of Englewood, The Englewood City Council and Liquor Licensing Authority, and James Taylor, Vernon Mann, Paul Blessing, Howard Brown, David Clayton, Lee Jones, and Douglas Sovern, as members of The Englewood City Council and Liquor Licensing Authority**

(556 P.2d 476)

Decided November 15, 1976.                    Rehearing denied December 6, 1976.

Edward B. Towey and James J. Zak, for petitioner.

Bernard V. Berardini, City Attorney, Rick DeWitt, Assistant, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *National Convenience Stores, Inc. v. The City of Englewood*, No. 75-025 (August 19, 1975)(mem). The court of appeals affirmed the judgment of the trial court which had upheld the denial by the Englewood City Council (hereinafter Englewood) of National's application for a fermented malt beverage license to sell 3.2% beer for consumption off the premises. We reverse.

Section 12-46-105, C.R.S. 1973 specifies the qualifications and conditions for granting a license for fermented malt beverages. The subsection relevant in this dispute provides:

"(1)(c) In considering the issuance of licenses, the licensing authority, either state or local, shall consider the reasonable requirements of the neighborhood and the desires of the inhabitants as evidenced by petitions, remonstrances, or otherwise."

Under the statutory standard the applicant has the burden of making a prima facie showing that the desires of the inhabitants and reasonable requirements of the neighborhood establish the need for the issuance of the license. *Board of County Commissioners v. National Tea Co.*, 149 Colo. 80, 367 P.2d 909 (1962).

At the council hearing National presented the following evidence in support of its application: (1) testimony based upon neighborhood population and traffic count on nearby primary streets which showed that an additional 3.2% beer outlet for consumption off the premises was needed, (2)

testimony that only one similar outlet was located within the designated neighborhood, (3) an exhibit which showed over 20,000 cars passing daily near petitioner's location, (4) an exhibit which showed over 8,000 residents in the designated neighborhood, and (5) a petition signed by 285 residents of the neighborhood evidencing a need and desire for National's outlet.

Three individuals opposed the granting of the license. One witness was unalterably opposed to granting any liquor licenses, a second objected solely on the grounds of possible litter, and the third was not a "party in interest" as defined by section 12-46-105(4)(b), C.R.S. 1973. Both Englewood and the court of appeals recognize that the testimony of the three opposition witnesses was irrelevant.

There is no evidence here to support a finding that the needs of the neighborhood were met by the existence of other outlets in the neighborhood. The mere existence of other outlets in the neighborhood, although a factor to be considered by the licensing authority, is not in itself a sufficient ground for denying a license.

This is consistent with our holding in *Geer v. Stathopulos*, 135 Colo. 146, 309 P.2d 606 (1957), where we stated:

"Four licenses in the area, *without more in the record*, prompts the court to regard the denial of the license involved as an arbitrary exercise of the Manager's discretion." (emphasis added).

We recognize that in acting on liquor applications, there is considerable latitude and discretion in the local licensing authority. However, its power to act is not a completely unbridled one and its action is subject to judicial review. Each case must be gauged on the record made by the applicant before the licensing authority. *Board of County Commissioners v. National Tea Co., supra.*

From our review of the record we conclude that Englewood in disregarding the applicant's evidence acted arbitrarily and capriciously and its denial of the application cannot stand.

The decision of the court of appeals is reversed and the cause remanded to it for further proceedings not inconsistent with the views expressed herein.

MR. JUSTICE CARRIGAN does not participate.